By the Court.— Allen, J.
The appellant Muldoon seeks to establish and enforce a lien upon premises owned by the respondent Schreyer, in the city of New York, under the law known as the mechanics lien law (Laws of 1863, ch. 500).' He had judgment upon the report of the referee for two thousand three hundred and sixty-five dollars and ninety-six cents, which was made up of two items, one of one thousand three hundred and forty-nine dollars, and the other for eight hundred and eighty-three dollars, with the interest upon each. The court of common pleas of the city and county of New York, upon appeal, ordered a reversal of the judgment, unless the claimant would stipulate to reduce the recovery to the lesser item and-the interest thereon ; and he declining to stipulate, the judgment was reversed, and judgment given against' him, and in favor of the owner, for the costs of the procéedings. The court below held the referee in error in respect to the larger claim, upon two grounds.
First. In rendering a personal judgment against the owner upon, a claim stated in the notices to be against the contractor; and,
Second. In holding that Muldoon acquired a valid lien upon claims due to him, jointly with two others, by filing a notice that the* claim was due to him as the sole creditor. The first ground is not very material, as that, if stated, would only have led to a reversal of so much of the judgment as affected the owner personally, and his, estate at large. The other ground was the one principally discussed by the learned first judge in his elaborate opinion. The facts pertinent to the present appeal may be very briefly stated.
In 1870, one Holt contracted with Schreyer, the *302 owner, to furnish material and do the mason work in erecting four buildings upon the lots described in these proceedings. Holt contracted with the appellant and two others, doing business as partners under the name of Muldoon, Kenny & Doonan, to furnish the brown stone, for the price of five thousand eight hundred dollars, payable three thousand dollars when the fronts were up, and two thousand eight hundred dollars when all the brown stone work was completed. When the fronts were up Holt was unable to pay the appellant and his associates, and they abandoned the work, and Kenny and Doonan absconded in September, 1870.
On October 24,1870, the owner, Holt, .the contractor, and the appellant, one of the sub-contractors, came to an arrangement, and Holt drew on Schreyer, in favor of the appellant, for two thousand seven hundred and fifty-five dollars, the balance of the five thousand eight hundred dollars, unpaid upon the contract with Muldoon, Kenny and Doonan, payable when the brown stone work should be completed, and'the same was accepted on the same day by the owner, the present respondent. Muldoon then resumed and completed the contract before January 12, 1871, the day on which the notice of lien was filed, and the owner had then paid upon the order or draft one thousand four hundred and fifty-two dolla'rs, leaving one thousand three hundred and forty-nine dollars due thereon. Muldoon had also at that time furnished materials and done work outside of the contract, at the request of the owner, to the amount of eight hundred and eighty-three dollars, and these two sums made up the amount adjudged the claimant Muldoon by the referee. The notice, which was held by the common pleas, defective and fatally variant from the facts established upon the trial, after stating with precision the residence of the claimant, proceeded to. state that he had a claim against Thomas •Holt, amounting to one thousand three hundred and *303 forty-nine dollars, and against John Schreyer, amounting to eight hundred and eighty-three dollars, and amounting together to two thousand two hundred and thirty-two dollars due to him, and after stating for what work and materials the claim was made, stated “that •such brown stone was furnished, cut, and*set in pursuance of agreements, written and by parol, between the said Thomas Holt and the said John Schreyer, and ■me the said Francis Muldoon” which buildings are owned, &c., naming the owner and describing the premises.
The new arrangement, under 'which the appellant continued and completed the work which Muldoon, Kenny and Doonan had undertaken by their contract to perform, was made in October, after the work had been abandoned by the contractors, and after the whole amount then payable had been paid. The draft then made and accepted, was but Tor two thousand seven hundred and fifty-three dollars, instead of two thousand eight hundred dollars, showing that the three thousand dollars, payable when the fronts of the buildings were up, had been slightly overpaid. The appellant. then, • by an agreement between himself and Holt, the contractor, and Schreyer, the owner, assumed individually the completion of the contract, Holt authorizing, and Schreyer undertaking to make the payment to Muldoon when the work ^should be completed. For the work doné and the money earned under this new arrangement, Kerihy and Doonan had no claim, and they were not parties to the agreement, and did not contribute to the work, and the undertaking of Holt and Schreyer to pay Muldoon, was absolute. The subsequent assignment by Kenny and Doonan to the plaintiff, is only important as showing that they made no claim to, and had no interest in the money now claimed by Muldoon.
The notice filed by Muldoon described the claim *304 with substantial accuracy. It was described in the introduction as a claim against Holt, and this was in one sense true, as, but for the acceptance of the draft by Schreyer, he would have been the principal, as he was the immediate, debtor to the claimant. But the subsequent parts of the notice relieve this statement from all uncertainty and ambiguity, by declaring that the claim, that is the aggregate of the claim, composed in part of this claim alleged to be against Holt, was for brown stone furnished, cut and set in pursuance of agreements, written and by parol, between Holt, Schreyer and the claimant.
■ This was literally true, and neither the owner nor any one else could have been misled as to the particular claim intended to be asserted, and in respect to which a lien was sought to be created. The new formal claim, filed in the proceedings in the court of common pleas, gave more in detail the history of the contracts and transactions between the parties, but did not more clearly or distinctly describe or designate the claim or the right of the claimant.
The statute under which these proceedings are had is a remedial statute, as furnishing a summary remedy ■> for the recovery of the claims provided for, and while it is to be strictly construed so far as to require a substantial compliance with every material provision by which the property of a third person may be incumbered, and a cloud put upon the title, by the mere act of the claimant,- it is not to be so strictly and hypercritically interpreted as to deprive creditors of the benefit intended to be conferred.
It is to be construed in the same spirit with which it was enacted, and so as to carry out the benign intent of the legislature, while nothing is to be taken by implication against the owner, or to the prejudice of his substantial rights, or so as to extend to persons or claims not clearly within its terms. The framers of *305 the statute have in a measure indicated the spirit with which they would have the statute interpreted, and effect given to it.
The first section declares that persons performing labor, or furnishing materials, as specified, may, on complying with the sixth section of the act, have a lien, &c. The second section declares that all persons having liens, in order to enforce the same, shall prove their demands in the same manner as in ordinary actions at law, except that no variance as to the persons named as Contractor, owner or debtor, in the lien, notice, or bill of particulars, or statement of claim, or in any pleading, shall impair or affect the right of the claimants, and that every party shall have relief according to the rights of the parties as they shall appear in evidence.
The fifth section is still more explicit, and directs that the court shall proceed without regard to matters of form, which shall be amendable at all times while the proceedings progress, without costs, and judgment shall be rendered according to the equity and justice of the claims of the respective parties. The sixth section prescribes the form of the notice, the filing of which creates the lien. It must state the residence of the claimant, the amount claimed, from whom, and to whom due, &c. The claim before us states the residence of the claimant, the amount due, and both with accuracy. It also states to whom due, accurately, regarding the appellant, as we must, under the circumstances, as completing the work under the arrangement of October,— and with substantial accuracy, if the work was completed under the contract of Muldoon, Kenny and Doonan, the appellant completing it after an abandonment by the others, and with the assent of the contractor and owner, and their several engagement to pay him for the same. If there was. any mistake in naming the debtor, which was not clearly explained by other. *306 parts of the notice, it was cured by the second section of the act, and did not affect the rights of the claimant.
The appellant filed his notice, and perfected his. lien on January 12, 1871, and it is not claimed that at that time the owner, the present respondent, had paid Holt, the contractor, the full amount due him. The referee finds that he had done so on March 16, or thereafter, but he probably included the liability as acceptor of the draft, as a part of the payment.
Under the circumstances of this case, if the owner has paid the contractor after the acceptance of the order of October, he has done so in his own wrong, and is still liable to the appellant. He admitted on the trial the amount due in the order, and made no claim that he had paid that amount to the contractor.
The personal judgment was proper, for the reason that the debt was the proper debt of the owner, as well' as of the contractor, and the work was done, and materials furnished upon the credit of both.
Ho other questions were made upon the argument in the view taken of the evidence, and the act under' which the lien is claimed.
The judgment of the common pleas must be reversed, and the judgment on report of the referee affirmed.
All the judges concurred, except Folger, J., not voting.